This cause having been argued, the next day Roane, J., delivered the opinion of himself and Haywood, J.; Whyte, J., gave no opinion, saying he had not sufficiently matured the subject in his mind to form a satisfactory conclusion upon it.
This is an action commenced in the Circuit Court for Greene county in the name of the United States against David Hartley, who is plaintiff in error, to recover the penalty incurred under an act of Congress for retailing domestic distilled spirits without license. Judgment was given in that court, and the cause is brought up to this court by writ of error. The only question submitted to this court is, whether the Circuit Court had jurisdiction of the cause. The Act of Congress, 1813, c. 38, laying duties on retailers of wines, spirituous liquors, and foreign merchandise, directs such retailers to take out licenses, points out the mode of obtaining them, and lays a tax or duty on such license, and enacts that if any person shall retail,c., without having a license, such person shall, in addition to the duty, forfeit and pay the sum of one hundred and fifty dollars with costs of suit. The collectors, in their respective districts, are directed to collect the duties, and to prosecute for the recovery of them, and of the forfeitures and penalties. The suits to be brought *Page 46 
in the name of the United States, or of the collector of the district. One moiety to the United States, the other to the collector, if the first discoverer, otherwise to the first informer; then follow these words: "and where the cause of action or complaint shall arise or accrue more than fifty miles distant from the nearest place by law established for the holding of a district court within the district in which the same shall arise or accrue, such suit and recovery may be had before any court of the State, holden within the said district, having jurisdiction in like cases." This act was afterwards altered, but not so as to affect the question presented to the Court for their decision. The cause of action did arise or accrue more than fifty miles from the nearest place of holding district courts of the United States, and is stated to be so in the declaration. The Court before which the recovery was had has jurisdiction in similar cases, that is, has jurisdiction of suits brought for the recovery of forfeitures and penalties of the amount for which this suit is brought. It can not be doubted but that it was one of the courts intended, and comes fully within the terms used in the act of Congress. The objections to the exercise of this jurisdiction are said to be founded on the Constitution, and therefore merits serious consideration. The Constitution declares that "the judicial power of the United States shall extend to all cases arising under the Constitution and laws of the United States, and treaties made," c. After enumerating a variety of other cases, it declares that "the judicial power of the United States shall be vested in one supreme court and such inferior courts as Congress may, from time to time, ordain and establish." The counsel for the appellant, assuming the position that this judicial power or the whole of it is given to the Supreme Court and those inferior courts to be ordained and established by Congress, insist that the State courts can not exercise this jurisdiction, because the judges in them are only *Page 47 
officers of the State, appointed and paid by the State; their duties are pointed out and jurisdiction defined by the laws of the State. That it would be an assumption of power to extend them further, and that they are amenable only to the constituted authorities of their own State for the correct discharge of their judicial functions. Again, the judges or courts of a State form none of the courts which the Constitution of the United States declares that Congress may, from time to time, ordain and establish, and in which the judicial power of the United States shall be vested. The State judges, say they, being neither appointed nor paid by the United States, can not be impeached by, or in any manner made amenable to, the United States for misbehavior in office, or refusal to discharge any portion of their judicial powers. All these positions are admitted to be correct; it is also admitted that the State judiciary can not assume, nor can the United States coerce it to exercise, any judicial powers but those sanctioned by the laws and Constitution of the State. How then can the courts of the State give judgment for a penalty imposed by an act of Congress, by whose laws we are not bound either as judges or as citizens, unless they are made in pursuance of the Constitution? As the decision depends on the construction of the Constitution, it will be necessary to take a cursory view of that instrument. The articles of confederation, were formed by the States in their sovereign capacities. The powers delegated by it to Congress were too limited to provide effectually for the common defence, or to promote the general welfare. Ther judicial power was extended only to a few special cases. They had no power to provide the necessary funds to pay the debts of the United States; they passed resolutions recommending to the several States to furnish such sums, and make such other provisions, as were deemed necessary for the general welfare. The legislatures of the State *Page 48 
might comply or refuse. In this state of things, it was necessary to vest the United States with more extensive powers. Accordingly, the present Constitution was established, not by the several States in their sovereign capacities, but by the people of the United States. The power delegated to the different departments of the government of the United States, operated as a diminution of the sovereignty of the several States, but those not delegated by the Constitution, nor prohibited by it to the States, were reserved to the States respectively or to the people. It is expressly declared that Congress shall have power to lay and collect taxes, duties, excises, c., and after enumerating other legislative powers to make all laws which shall be necessary and proper for carrying into execution the foregoing powers. Laws to lay and collect taxes, duties, c., must necessarily operate on the citizens at large, and would be always evaded, unless sanctioned by penalties which might be enforced by judicial authority. The laws made by Congress on those subjects to which their powers extend are as much the law of the land as any law passed by the legislature of the State, and are equally obligatory on the citizens. How are these obligations to be enforced? By some judicial tribunal competent to decide. The counsel for the appellant say by the judicial tribunals of the United States, and by them alone. Does the Constitution authorize this position? Article 3, sec. 2. "The judicial power shall extend to all cases in law and equity arising under this Constitution, the laws of the United States, and treaties made, and which shall be made, under their authority; to all cases affecting ambassadors, other public ministers, and consuls; to all case of admiralty and maritime jurisdiction; to controversies to which the United States shall be a party; to controversies between two or more States; between a State and citizens of another State; between citizens of different States; between citizens of the *Page 49 
same State claiming lands under grants from different States; between a State or the citizens thereof and foreign states, citizens, and subjects." To these different classes of cases the judicial power of the United States shall extend. That is, as I believe, if Congress shall deem it expedient and for the general interest; they have a right to vest all these cases exclusively in tribunals created by themselves, but unless they do so, the State tribunals will continue the jurisdiction which they had before the formation of the Constitution.
There is no prohibitory or exclusive clause; in the act on which the present cause is founded, there is not only no exclusion, but an express declaration that suits for the recovery of the penalties may be brought in the State courts if more than fifty miles from the nearest place of holding district courts; if within that distance, the State tribunals are excluded from any cognizance of those causes by the Act to establish the judicial courts of the United States, 1789, c. 20, sec. 9. It is therefore considered the most obvious construction of the Act of 1813 to say that Congress did not thereby intend to exercise any control over the State courts, or vest them with any new powers; but merely for convenience of the citizens to have them in the exercise of those powers, vested in them by the Constitution and laws of the State, and which they have a right to exercise, unless prohibited expressly or by necessary implication. The judges of the circuit courts have cognizance of all pleas, real, personal, and mixed, c., except where it is otherwise directed; see Act 1794. c. 1, sec. 1, together with subsequent acts, defining the powers of circuit courts. The act of Congress of 1813, directing a license to be taken and a duty to be paid by retailers of domestic distilled spirits, also declares what penalty shall be incurred by the citizen who retails without license. If by his conduct a liability to pay is created, and a cause of action arises or accrues, and that the suit is *Page 50 
commenced either in the name of the United States or the collector, the plaintiff has a right by the laws of the State to have his cause heard or determined in the circuit courts. Nor can we perceive as to the jurisdiction whether the defendant's liability to pay arises from a contract made under an act of Congress or from the operation of law on selling without license. The construction of the Constitution before given is believed to be more consistent with the nature and genius of our government than that of the plaintiff's counsel who endeavors to assimilate the laws of the United States with those of foreign governments. Can foreign governments make laws which will be obligatory upon our citizens? Can they impose penalties on them? no, they can not. Their laws are not the law of the land. In enforcing contracts made in foreign countries, the laws of the country where the contract was made may be proved as other facts are proved, but are not judicially noticed as the laws of the State. The citizens of the State owe no obedience to foreign laws; they have no voice in making them, and, from the very nature of things, can not be bound by them; not so as respects the laws of the United States; they are framed by our representatives, and by solemn compact are as obligatory as those made by the State legislatures; and why can not the State courts take cognizance in all cases arising out of them? Because, by the same solemn compact, and the laws made in pursuance, of it, they are prohibited the exercise of this power. If we take a view of the third article of the Constitution, and the various classes of cases there enumerated, we shall see that the State courts exercise jurisdiction in many of those cases, and no one ever did question their right to do so; yet these cases, by the Constitution, are vested in the supreme and inferior courts of the United States in the very same words as the case before us. The judicial power is extended to them equally; but, as was said before. *Page 51 
Congress are not bound to confine it to them exclusively. The construction now given to the Constitution appears to have been adopted by Congress at a very early period; several of the members of the convention who formed the Constitution were also members of the first Congress. They never imagined that the judicial powers enumerated in the Constitution were necessarily to be taken exclusively, as appears by the act for establishing the judicial courts of the United States. They have in that act distributed the judicial powers amongst the several courts, have said what shall be exclusively exercised by the courts of the United States, and in what cases the jurisdiction shall be concurrent with that of the State courts, and one case of concurrent jurisdiction is. where an alien sues for a tort only in violation of the law of notions or a treaty of the United States; a very strong evidence that they did not consider the extension of the judicial power was exclusive; for here an alien sues, and for a tort, in violation of a treaty. The same construction of the Constitution has been made in Congress, from time to time, since that period, nor is it known that ever one member opposed the passage of a law leaving a concurrent judicial power in the State courts on the ground of unconstitutionality.
The Constitution and the laws of the United States, made pursuant thereto, are the supreme laws of the land, and not only the citizens in their individual capacities, but the Judges in every State are bound thereby. If a case is brought before them in which a right is claimed to recover by virtue of such a law, the Court is in duty bound to hear and determine it, unless it be a case where the jurisdiction is exclusively vested in the United States' tribunal. But notwithstanding this, they are still to be considered State courts; deriving no jurisdiction from the United States but only exercising that vested in them by the Constitution and laws of the State. If they refuse, as *Page 52 
before stated, they cannot be compelled, removed, or punished for malconduct, except by the constituted authorities of their own State. However, the consequence of such refusal will be, that defendants in all cases of suits commenced against them for a violation of the revenue laws, let their place of residence be ever so remote from the place of holding the district courts of the United States, will be deprived of the privilege of a trial in his own county, before a judge of his own State, and obliged, at great expense and trouble, to attend at the federal tribunals, as Congress have the power to give that court exclusive jurisdiction whenever it may become necessary.